IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.   03-cv-00615-RPM

EUGENE VELARDE,

            Applicant,

v.

Warden, Centennial Correction Facility, and
Attorney General of the State of Colorado,

            Respondents.
_____

ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS
_____

      Claiming that he was denied the effective assistance of counsel as required by the Sixth and Fourteenth Amendments to the United States Constitution, Eugene Velarde asks this Court to vacate the conviction by jury verdict and life sentence imposed by the District Court in Adams County, Colorado, of distribution and conspiracy to distribute heroin and habitual criminal based on prior convictions for theft, aggravated robbery and conspiracy to commit aggravated robbery, burglary and third degree burglary.  He also claims constitutional error in evidentiary rulings at his trial, prosecution misconduct and newly discovered evidence.  Additionally Velarde contends that his sentence is not proportionate to the crimes of conviction in violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

      After the trial court's denial of a motion for new trial, the convictions and sentence were affirmed by the Colorado Court of Appeals in *People v. Velarde,* (Colo.

App. No. 97CA0191, June 24, 1999) (unpublished). His motion for relief under Colo. Crim. P. 35(c) was denied and that order was affirmed by the Colorado Court of Appeals in *People v. Velarde,* (Colo. App. No. 01CA1691, October 10, 2002) (unpublished). The Colorado Supreme Court denied *certiorari* review from both of those appellate rulings. Velarde filed a *pro se* application pursuant to 28 U.S.C. § 2254 in this court on March 25, 2003 and an amended application, by counsel, on September 22, 2004. The relevant records from the state proceedings have been submitted by the respondents and no evidentiary hearing is necessary.

The primary evidence presented to the jury in support of the drug charges consisted of tape recordings of conversation among an informant, Norma Lopez, a co-defendant, Phillip Espinoza, his friend and the defendant. Ms. Lopez was a paid informant , cooperating with agents of the Drug Enforcement Agency to obtain leniency for her own criminal activity, wearing a wire recording device in a controlled buy under surveillance. Ms. Lopez did not testify at trial because she was murdered four days after the transaction. The trial court granted the defendant's motion to exclude any reference to the death of Ms. Lopez to avoid any possible inference of defendant's responsibility for it.

Most of the recorded conversation was not directly relevant to a purchase of heroin. It related to the circumstances of Ms. Lopez coming to Espinoza's apartment and Velarde's participation was outside the apartment while he was sitting in his van. The testimony of the observations made by the surveillance agents and officers, the woman in the apartment and the recorded conversations provided support for the jury's

finding that Velarde and Espinoza were conspirators in the sale of a gram of heroin to Ms. Lopez with the actual passing of the drug and exchange of cash between her and Espinoza with Velarde supplying it to Espinoza in the van.

The trial court overruled the hearsay objection to the admission of the audiotapes on the grounds that the statements were within exceptions recognized by Colorado's rules of evidence. The Colorado Court of Appeals ruled that the recorded statements were not hearsay because they were not offered for their truth but to establish context for the jury and as evidence of the crime, admissible as *res gestae*. This Court must give deference to that ruling under 28 U.S.C. § 2254(b) unless it results in an unreasonable application of Federal law as established by the Supreme Court of the United States. That has not been shown. Indeed, there was no evidentiary error.

In his Traverse to the Supplemental Answer, counsel for Velarde contends that admission of the tape recordings denied the right to confront the witnesses against him as recognized in *Crawford v. Washington,* 124 S. Ct. 1354 (2004). There is no constitutional error. The statements made by Ms. Lopez, Espinoza and his friend were not testimonial. They were statements made in the course of a transaction which the jury found to be criminal when considered in the context of the other evidence received at trial.

Velarde faults his trial counsel for a failure to investigate the involvement of Ms. Lopez with law enforcement more fully before agreeing to a stipulation that she had

made a plea agreement with the Jefferson County District Attorney's staff resulting in a sentence concession on a felony theft charge based on cooperation in an unrelated case, leading the jury to believe that she was not under any further obligation that would suggest her untrustworthiness.  In fact, according to affidavits submitted by an attorney representing a defendant accused of the murder of Ms. Lopez in Arapahoe County, DEA agents had been told by Ms. Lopez that Velarde had confessed to her that he had Barbara Green killed to silence her as a witness to his drug trafficking activities.  This information would have enabled Velarde's trial counsel to show the jury that Ms. Lopez had a compelling motive to "set him up" in a drug transaction–fear for her life.

This particular argument was not raised in the state court proceedings. Accordingly, the respondents contend that the claim has not been exhausted and should not be considered by this Court.  It is now too late to present this argument to the Colorado courts.  C.R.S. § 16-5-402 bars it.  Thus, the applicant must show cause and prejudice.  Whether there has been a procedural default need not be decided because there is no merit to this argument.

Assuming that trial counsel was aware of what it is claimed he failed to learn by investigation, presentation of that evidence would have been highly prejudicial to the defense of the drug charges.  It would have opened the door to evidence of the murder of Ms. Lopez under circumstances very similar to the killing of Barbara Green, implicating Velarde in her murder to prevent her appearance in court as a witness at trial.  The strategy employed of avoiding any evidence of the death of Ms. Lopez was

clearly preferable.

The credibility of Ms. Lopez was not an issue at trial. She was not a witness. What was given to the jurors to decide was what reasonable inferences could be drawn from what they heard on the tape recordings and the testimony of the surveillance team members. If the jury had been given the information that the informant was continuing to use heroin, it would have provided further support for her need to obtain it from Velarde and Espinosa.

The applicant contends that the prosecution failed in the duty to provide impeaching evidence, violating his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963). That is the same evidence that has been discussed above and the absence of such evidence could not be said to have affected the outcome of the trial or to undermine confidence in the verdict.

The applicant has in his *pro se* filings made vague allegations that an investigation could have produced evidence that the trial judge may have had financial interests in companies doing business with the State and that the audiotapes may have been edited or altered. These allegations are unsupported speculation.

The Colorado courts adequately addressed Velarde's claims of insufficiency of the evidence both as to the drug offenses and the prior convictions supporting the habitual criminal sentence. There is no constitutional infirmity in those rulings. That is also true of the claim that the sentence is disproportionate to his crimes.

Upon the foregoing, it is

ORDERED, that the application for a writ of habeas corpus is denied and this

civil action is dismissed.

DATED: November 27th , 2006.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge

Civil Action No.   03-cv-00615-RPM

I do hereby certify that I have mailed a copy of the attached to the following:

Dated: November 27, 2006

GREGORY C. LANGHAM, CLERK

s/M.V. Wentz

By_____
         Deputy

Eugene Velarde
Reg. No. 44094
Centennial Correctional Facility
P.O. Box 600
Canon City, CO 81215-0600